IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THAHIR AKEL and FATEEN AKEL )<br>)<br>    Plaintiffs, )<br>v. )<br>)<br>)<br>BUNDERSREPUBLIC DEUTSCHLAND )<br>a/k/a THE REPUBLIC OF GERMANY and )<br>ALLIANZ GROUP and/or ALLIANZ SE )<br>Individually and/or d/b/a ALLIANZ )<br>VERSICHERUNGS AG, )<br>)<br>    Defendants. ) | No.<br><br><br><br><br>Honorable: |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, THAHIR AKEL and FATEEN AKEL, by and through their attorneys, O'CONNOR LAW FIRM, LTD., and alleges the following against the BUNDERSREPUBLIC DEUTSCHLAND a/k/a THE REPUBLIC OF GERMANY and ALLIANZ GROUP and/or ALLIANZ SE individually and/or d/b/a ALLIANZ VERISCHERUNGS AG (hereinafter ALLIANZ) for the reasons set forth below:

**JURISDICTION**

1. THAHIR AKEL and FATEEN AKEL, plaintiffs, are residents of Cook County, State of Illinois, and at all relevant times are citizens of the United States.

2. BUNDERSREPUBLIC DEUTSCHLAND a/k/a THE REPUBLIC OF GERMANY, is a foreign government in the territory commonly known as Germany.

1

3. ALLIANZ is an international insurance company headquartered in Germany which on information and belief transacts business regularly in the United States including in the State of Illinois.

4. Plaintiff, THAHIR AKEL, suffered an unstable spinal fracture among other injuries in an automobile collision in the occupied territory commonly referred to as Ramallah, West Bank, in the Middle East, and was flown to the United States by the defendants to O'Hare Airport, Cook County, Illinois where, on information and belief, he suffered additional injuries during the landing. THAHIR AKEL is now an incomplete quadriplegic who will need a lifetime of skilled care.

5. The jurisdiction of the court is invoked pursuant to Diversity and the Foreign Sovereign Immunities Act 28 U.SC. § 1605 exception as well as the principle of comity.

6. The principle of comity provides that one nation will defer and give effect to the law and judicial decrees of another nation, as long as those laws and decrees are consistent with the law and public policy of the accommodating nation.

7. Ramallah is not a recognized state or sovereign nation by either the United States or by the Republic of Germany.

8. Ramallah is a territory in the West Bank/ Gaza Strip with the only principles of government declared in the 1993 Oslo Accords between the State of Israel and the PLO team (Palestinian delegation). The only persons bound by these Accords or subject to jurisdiction are Palestinians and Israelites. Germany and the United States have not recognized Ramallah as sovereign nation.

9. The laws in Ramallah (such as allowing a negligent defendant to be subject to physical punishment and even death as opposed to compensation) are not consistent with the laws of the United States, the Republic of Germany, or any modern civilized nation.

10. Ramallah is akin to Outer space, being *res communis* and, therefore, not subject to national law, has no clear "law of the place." Therefore, the lex *loci delecti* rule can't be applied in space and can't be applied in Ramallah. As a result, jurisdiction lies in the lex *fori,* that is, the law of the forum where the case is brought.

11. The plaintiffs do not have an adequate forum in Ramallah because there is no recognized unit of government for handling such claims in a modern civilized fashion and plaintiffs will be deprived of basic remedies including payment of past and future medical and caretaking expenses.

12. The plaintiffs do not have an adequate forum in Germany. Although Germany has a recognized tort system for its citizens, it is not adequate because it fails to provide for even basic health care needs for anyone other than German citizens. Germany has a national health system. Tort victims are compelled to use the free national health system for medical needs and are not allowed to make a claim for recovery of medical expenses otherwise covered by the national health system.

13. THAHIR AKEL is retired and his medical expenses have been paid conditionally by the United States Government through the Medicare system. Due to the extensive bills, THAHIR AKEL also qualifies for Medicaid (Administered by the Illinois Department of Public Aid) to cover some of his treatment not covered by Medicare.

14. Pursuant to the Medicare Secondary Payor Act (MSP) 42 U.S.C. Section 1395y(b)(2), the United States Government has conditionally paid and continues to pay

for THAHIR AKEL's qualified medical expenses (substantial out of pocket medical expenses for attendant care, etc. are not covered by Medicare or Public Aid) with the right to recover those payments if he receives any settlement, judgment, award, or other payment that has been or could be made. Medicaid or Public Aide also has a lien on any settlement, judgment, award, or other payment made in this matter.

15. The United States Government and its citizens who contribute to the Medicare and Medicaid system have a substantial interest in the outcome of this case; millions of dollars in expenses that have been paid or will be paid in the future for THAHIR AKEL.

16. THAHIR AKEL is not a German Citizen and therefore has no access to the German Public Healthcare system. Therefore, THAHIR AKEL will be treated unfairly and deprived of basic remedies including payment of past and future medical and caretaking expenses if this matter is not litigated in the United States.

**PARTIES**

17. Plaintiffs, THAHIR AKEL and FATEEN AKEL are residents of Cook County, in the State of Illinois, and citizens of the United States.

18. Upon information and Belief, Defendant, BUNDERSREPUBLIC DEUTSCHLAND a/k/a THE REPUBLIC OF GERMANY, (hereinafter referred to as "BRD"), is a governmental entity and recognized sovereign Union.

19. Defendant, ALLIANZ GROUP and/or ALLIANZ SE individually and/or d/b/a ALLIANZ VERISCHERUNGS AG (hereinafter referred to as "ALLIANZ") is a German insurance company that on information and belief has offices and or transacts business in the United States and in the State of Illinois.

4

**GENERAL ALLEGATIONS AND FACTUAL SUMMARY**

20. On or about May 5, 2014, THAHIR AKEL was a front seat passenger in a vehicle that was struck by Harold Max Hojar Jorooshka while traveling in Ramallah, West Bank.

21. Mr. Jorooshka was acting within the scope and course of his business or employment for BUNDERSREPUBLIC DEUTSCHLAND a/k/a THE REPUBLIC OF GERMANY, when he made an illegal u-turn and struck the vehicle carrying Thahir Akel.

22. The accident occurred outside of the entrance to the German Consulate and therefore was not on German soil.

23. Ramallah is not a recognized state or sovereign nation by either the United States or by the Republic of Germany and has no recognized legal standing with the United Nations.

24. At the scene, THAHIR AKEL was determined to have unstable spinal fractures of the neck and was determined to have life threatening injuries.

25. THAHIR AKEL was originally taken to Almustaqbal Hospital where, on information and belief, it was determined that he was a tetraplegic and needed spinal surgery but it could not be performed locally.

26. He was taken to Hadassa Hospital in Ein Kerem, Jerusalem following the occurrence to deal with his unstable spinal fractures but, upon information and belief, he required a higher level of care due to the potential for complications and need for long term care.

27. Defendant's representatives promised THAHIR AKEL and FATEEN AKEL that they would pay for all of the costs of THAHIR AKEL's medical expenses.

28. THAHIR AKEL was therefore flown by representatives of the defendants with medical personnel back to Chicago, Illinois. He was not flown on a medical transport plane and did not have adequate support or bracing of his neck given the severity of his injuries.

29. Upon information and belief, that plane trip, more particularly the landing, caused further pain and compromise to THAHIR AKEL's unstable fractures such that he progressed from being a tetraplegic to an incomplete quadriplegic.

30. Plaintiff underwent spinal fusion in Cook County, Illinois, to stabilize his fractures but remains an incomplete quadriplegic as result of his injuries.

31. THAHIR AKEL will require 24 hour lifetime of medical, skilled nursing and hospital care.

## COUNT I
## ECONOMIC DAMAGES – THAHIR AKEL AND FATEEN AKEL – PAST AND FUTURE MEDICAL AND CARE TAKING EXPENSES

Plaintiff re-alleges and adopts paragraphs 1-31 of this Complaint as paragraphs 1-31 of Count I as though fully set forth herein.

32. THAHIR AKEL will require a lifetime of care, which will take place in the United States and primarily if not exclusively in Cook County, State of Illinois.

33. FATEEN AKEL is the wife of THAHIR AKEL and under Family Expense Statute 750 ILCS 65/15 (1994), she is liable for all reasonable and necessary medical expenses incurred by her husband.

34. Medicare currently has conditionally paid charges of past medical expenses on behalf of the plaintiffs in excess of $617,000.00 as a result of the injuries sustained in this accident.

35. The State of Illinois has paid approximately $29,000.00 on behalf of the plaintiffs and therefore has a lien interest in the subject lawsuit.

36. THAHIR AKEL requires 24 hour attendant care that is not covered under Medicare or Medicaid at a cost of approximately $25,000.00 per month.

37. THAHIR AKEL currently has paid an out of pocket expense in excess of $300,000.00 for his attendant care at home.

38. Defendants have paid $150,000.00 to Plaintiff as urgent medical care payments towards his attendant care. However, defendants have stopped making said payments and subsequently, Mr. Akel has lost his 24 hour care and must rely upon his family 24 hours a day.

39. A life Care Plan was prepared for THAHIR AKEL and his future medical expenses, not including any additional spinal surgeries, infections, or exacerbation of existing injuries, is projected to be $7,682,510.55.

40. THAHIR AKEL has a two story home that does not have sufficient space for a Hoyer lift to transfer him from his bed to other locations to bathe, eat or receive guests.

41. His bed is in the middle of the living room with a blanket hung for privacy.

42. He has not been able to shower in two years because of the insufficient space to accommodate either a wheelchair or Hoyer lift.

43. For all practical purposes, THAHIR AKEL's entire home is completely inaccessible to him and creates a series of architectural barriers that render him less capable and completely dependent upon his family for his basic needs.

44. A professional assessment of the existing home's suitability for a handicapped resident and feasibility study for renovation were found to be impractical, would violate of local zoning laws, and would be cost prohibitive.

45. The remaining options are to find a single story home that can be modified to meet the needs of Mr. Akel or to build a new home around Mr. Akel's needs which would cost approximately $350,000.00.

46. THAHIR AKEL is unable to drive or ride in a regular vehicle and requires a vehicle that has been modified to accommodate his medical needs and physical handicaps which will cost at least $50,000.00.

47. As a direct and proximate result of Defendants negligent conduct as alleged, Plaintiff, THAHIR AKEL suffers from severe and permanent injuries which have resulted in large expenses for medical and other pecuniary losses.

WHEREFORE, the Plaintiffs, THAHIR AKEL and FATEEN AKEL, pray for judgment against the Defendants, BUNDERSREPUBLIC DEUTSCHLAND a/k/a THE REPUBLIC OF GERMANY and ALLIANZ GROUP and/or ALLIANZ SE individually and/or d/b/a ALLIANZ VERISCHERUNGS AG, as follows:

    a. For past medical expenses in the amount of $794,000.00 which will include reimbursement to the United States Government for those expenses paid by Medicare and the State of Illinois for those expenses paid by Medicaid;

    b. For future medical expenses in the amount of $7,682,510.55;

    c. $350,000.00 for renovations to home or purchase of handicapped accessible home;

    d. $50,000.00 for purchase of handicapped accessible vehicle;

    e. For such other costs and further relief as this court may deem reasonable and just.

## COUNT II
## NON-ECONOMIC DAMAGES THAHIR AKEL

Plaintiff re-alleges and adopts paragraphs 1-47 of this Complaint as paragraph 1-47 of Count II of this Complaint as though fully set forth herein.

48. That as a direct and proximate result of one or more of Defendants' negligent acts and/or omissions, the Plaintiff, THAHIR AKEL sustained injuries, both internally and externally of a permanent and lasting nature; Plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind; Plaintiff was caused to and will in the future be caused to suffer disfigurement, disability, loss of a normal life, increased risk of future harm, emotional harm, and will be unable to attend to his normal affairs and activities of life.

WHEREFORE, the Plaintiff, THAHIR AKEL, prays for judgment against the defendants, in excess of $75,000.00, plus costs, and any other relief this Court or the jury deems just and proper to fairly and reasonably compensate the Plaintiff for his injuries and/or other losses.

### COUNT III
### LOSS OF CONSORTIUM- FATEEN AKEL

Plaintiff re-alleges and adopts paragraphs 1-48 of this Complaint as paragraphs 1-48 of Count III of this Complaint as though fully set forth herein.

49. As a direct and proximate result of the negligence of the defendants, the plaintiff, FATEEN AKEL, as the wife of THAHIR AKEL, was caused to lose the services of her husband, and a result of THAHIR AKEL's injuries, she has been deprived of his companionship, society, affection, sexual relations and consortium.

WHEREFORE, the Plaintiff, FATEEN AKEL, prays for judgment against the defendants, in excess of $75,000.00, plus costs, and any other relief this Court or the jury deems just and proper to fairly and reasonably compensate the Plaintiff for her injuries and/or other losses.

### JURY DEMAND

PLAINTIFFS demand trial by jury.

Respectfully Submitted,

/s/ Kevin O'Connor
Attorney for Plaintiff

Kevin O'Connor
O'Connor Law Firm, Ltd.
19 S. LaSalle, Suite 1400
Chicago, IL 60603
Phone: 312-906-7609
Fax: 312-906-7615
KOCONNOR@KOCONNORLAW.COM